IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DAVID MCCLELLAN, )
 )
         Petitioner, )
 )
v. ) Case No. 16-CV-322-GKF-PJC
 )
TOMMY SHARP, Warden, )
 )
         Respondent. )

**OPINION AND ORDER**

Before the Court is Petitioner David McClellan's 28 U.S.C. § 2254 habeas corpus petition. He challenges his Tulsa County District Court convictions for rape and sodomy, Case No. CF-2011-3245. Dkt. 3 at 2. For the reasons discussed below, the petition is denied.

**I. Background**

This case arises from allegations that Petitioner had anal and oral sex with a thirteen year-old girl. The State charged him with: (Count I) first-degree rape of a victim under 14, OKLA. STAT. tit. 21, § 1115; and (Counts II-III) forcible oral sodomy, OKLA. STAT. tit. 21 § 888. Dkt. 11-1. Petitioner retained Sharon Holmes as defense counsel. Dkt. 11-7 at 4. The case was originally set for jury trial on March 12, 2012. Dkt. 12-2 at 19-20. However, it was continued multiple times over a period of fifteen months. *Id.* At the final trial setting on October 8, 2013, the prosecutor offered Petitioner a plea bargain of "seven in, five out." Dkt. 12-1 at 2. Petitioner would be sentenced to twelve years imprisonment, with five years suspended. *Id.* Petitioner rejected the bargain but entered a blind guilty plea. Dkt. 11-2; *see also* Dkt. 12-1 at 16. It appears he hoped to obtain a lower sentence after the state court ordered a presentence investigation report (PSI). *Id.*

Six days later, counsel filed an application to withdraw the plea. Dkt. 11-3. The application alleges Petitioner was confused, distraught, and felt pressured by conflicting advice from his family members. *Id.* The state court denied the application and sentenced Petitioner to twelve years imprisonment, with five years suspended (*i.e.,* the sentence specified in the rejected plea bargain). Dkt. 12-3 at 4. Petitioner appealed, but the Oklahoma Court of Criminal Appeals (OCCA) denied certiorari review. Dkts. 11-5 and 11-6. Petitioner then filed an application for post-conviction relief, which reiterated his argument that the plea was involuntary. Dkt. 11-7. Petitioner also argued plea counsel rendered ineffective assistance. *Id.* The state court denied the post-conviction application, and the OCCA affirmed. Dkts. 11-8 and 11-10.

Petitioner filed the instant federal habeas petition on May 26, 2016. Dkt. 3. He raises three propositions of error:

(Ground 1): Ineffective assistance of plea counsel;

(Ground 2): Ineffective assistance of appellate counsel; and

(Ground 3): Involuntary Plea.

Dkt. 3 at 5, 9, and 11. Respondent filed an answer along with copies of the state court record. Dkts. 11 and 12. Respondent concedes, and the Court finds, the Petition is timely and Petitioner exhausted Ground 3. Dkt. 11 at 2; *see also* 28 U.S.C. §§ 2244(d)(1) and (b)(1)(A). However, Respondent argues Grounds 1 and 2 are procedurally barred, and the Petition otherwise fails on the merits. Dkt. 11.

**II. Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of Hobson's habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Before addressing the merits of [the] claim, [the petitioner] must

show that he can satisfy [certain] procedural requirements." *U.S. v. Greer,* 881 F.3d 1241, 1245 (10th Cir. 2018). Those requirements generally include timeliness, exhaustion, and - at issue here - the absence of a procedural bar. *See* 28 U.S.C. §§ 2244(d)(1) and (b)(1)(A); *Fairchild v. Workman,* 579 F.3d 1134, 1141 (10th Cir. 2009). If the procedural requirements are satisfied or excused, the petitioner must then show the OCCA's adjudication of the claim: (1) "resulted in a decision that was contrary to ... clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[1] (2) "resulted in a decision that ... involved an unreasonable application of, clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* § at 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (alterations in original) (quoting *Williams* v. Taylor, 529 U.S. 362, 405-6 (2006)). When the state court's decision "'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 562 U.S. at 413). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be 'objectively unreasonable,' not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). "[E]ven clear error will not suffice." *Id.*

---

[1] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings-the exclusive touchstone for clearly established federal law-must be construed narrowly and consist only of something akin to on-point holdings").

Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require federal habeas courts to give state-court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling … was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

### A. Ground 3: Involuntary Plea

Petitioner primarily argues he did not understand the nature or consequences of his blind plea. Dkt. 3 at 11. According to Petitioner, he was not competent to plead guilty and was confused, incoherent, and "mentally broken down" on the day of the plea hearing. *Id.* at 11-12. The state court rejected this argument in an oral ruling, reasoning:

> [T]his case has been set six times in the past…. I consider [Ms. Holmes] to be one of the best defense attorneys that you could ever hire…. I gave you hours to be in here. When you were upset and didn't know what you wanted to do, sir, I said, 'No problem. You go talk to your loved ones and you guys make a choice.' And then when you came back, I was – you did ask for more time and I said no, because I had given you plenty of time at that point, not to even mention the time before that you had to make this consideration on what you wanted to do. You're a grown man. I know it was a difficult decision for you and it's an emotional decision. I have taken all those things into consideration [in denying the motion to withdraw].

Dkt. 12-3 at 3-4. The OCCA also found the plea was "knowing and voluntary." Dkt. 11-6. That court noted:

4

> Petitioner "was faced with a series of uncomfortable choices, all unfavorable to him. He chose what appeared to be his best choice – one that allowed him to avoid incarceration for a few more weeks, and receive a relatively light sentence. A choice among bad outcomes is still a choice. Nothing suggests [Petitioner] was improperly coerced or influenced. The record shows that the trial court sufficiently inquired as to [his] mental health and determined he understood the nature and consequences of his plea.

*Id.* at 3.

Like Oklahoma, the Supreme Court requires a plea to be knowing, voluntary and intelligent. *See Brady v. United States*, 397 U.S. 742, 747-78 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The defendant must be advised of the plea's "direct consequences," even if he does "not understand every collateral consequence." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). At a minimum, this includes the nature of the charges, the possible penalties, and the constitutional rights the defendant is waiving by entering a plea. *See Brady*, 397 U.S. at 756-57 (1970). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on [the state court's] factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002). The state court's finding that a guilty plea was knowing and voluntary is presumed to be correct, and it can only be overcome with clear and convincing evidence. *See Slinkard v. McCollum*, 675 Fed. App'x 851, 854 (10th Cir. 2017) (citing 28 U.S.C. § 2254(e)(1)).[2]

In determining whether a plea is knowing and voluntary, habeas courts may consider the petitioner's signed plea worksheet or other written documents relevant to the plea. *See Hoffman v. Young*, 23 Fed. App'x 885, 887 (10th Cir. 2001) ("[R]eliance upon ... documentary evidence such as the questions and answers to a form may be sufficient to make th[e] determination" that "a guilty plea is knowing and voluntary"); *Cross v. Franklin*, 520 Fed. App'x. 671, 674-75 (10th Cir. 2013) (rejecting involuntary plea claim where the signed plea worksheet listed the proper range of

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th CIR. R. 32.1(A).

punishment and petitioner indicated he knew the punishment range); *Brown v. Dep't of Corrs. Oklahoma State Penitentiary*, 597 Fed.Appx. 960, 963 (10th Cir. 2014) (same). The petitioner's testimony at the plea hearing is also accorded a strong presumption of reliability. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that "representations of the defendant ... at [a plea] hearing as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings").

Having reviewed the record, the Court agrees the plea was knowing and voluntary. In the plea worksheet, Petitioner represented: (a) he was 32 years old and completed two years of college; (b) he understood the charges and potential penalties, which were listed in the worksheet; (c) he had not been treated for mental illness and was not taking medications at the time of plea; (d) he understood he was waiving all rights to contest the charges or appeal; and (e) he received adequate advice from counsel. Dkt. 11-2 at 1-5. Petitioner reiterated these points during the plea colloquy. Although he initially kept answering "PSI" in response to the Court's inquiry about whether to begin the jury trial as scheduled, Petitioner eventually confirmed he wished to enter a plea. Dkt. 12-1 at 6. After a recess, Petitioner engaged in the following exchange with the state court:

> COURT: Okay. Sir, have you spent some time now going over what's called a Summary of Facts with your attorney, Ms. Holmes; is that correct?
>
> PETITIONER: Yes.
>
> COURT: Okay. Did you understand all of the questions that were asked on this form and you went over it with your attorney?
>
> PETITIONER: Yes.
>
> COURT: Did you answer all of these questions truthfully?
>
> PETITIONER: Yes.
>
> COURT: Okay, sir. It doesn't state that you've ever been treated for any mental illness and that you do understand the nature and consequences of these proceedings. You were charged, sir, with rape in the first degree; forcible oral sodomy, two counts. As I explained

… earlier, rape carries up to life with a minimum of five years. The sodomy counts carry from zero to 20 years each with a $10,00 fine for each of those counts. I thought – is this not an 85 percent crime?

PLEA COUNSEL: It is.

COURT: Okay. … You checked that you have to register as a sex offender and you went over that with him.

PLEA COUNSEL: Yes. And Judge, I also talked to him about the crimes being 85 percent crimes.

COURT: Okay. … Do you understand that you have a right to a jury trial in which the State would have to prove your guilt beyond a reasonable doubt? They would call witnesses. Your attorney could cross-examine those witnesses.... You could take the stand [or] chose not to…. And then the jury would make a decision on whether you were guilty or not …. You are wanting to waive that right at this point in time and go forward with the plea negotiation or a blind plea; is that correct?

PETITIONER: Yes.

COURT: Okay. Anyone forcing you to make that choice, sir?

PETITIONER: No.

COURT. Okay. At this point, I'll show that you waived your right to a jury trial and ask how you plead to rape in the first degree and two counts of forcible oral sodomy?

PLEA COUNSEL: How do you plea?

COURT: How do you plea? Guilty or not guilty?

PETITIONER: Guilty.

…

COURT: It says on or about August 13th of 2011, you had anal sex with AH, a minor 13 years of age. You also performed oral sex on AH and she performed oral sex on you. Is that a correct statement of the facts, sir?

PETITIONER: Yes.

COURT: With that factual basis and your plea of guilty, sir, I will find you guilty.

Dkt. 12-1 at 7-10.

Petitioner urges this Court to depart from the apparent truth of those statements based on an alleged mental breakdown during the plea hearing. He contends he was crying, visibly nervous, and that he could not listen when his attorney discussed the plea worksheet. Dkt. 3 at 3-4. These allegations, if true, are insufficient to overcome the strong evidence that the plea was voluntary. Plea counsel testified she conferred with Petitioner and answered questions for nearly three hours before he entered the plea. Dkt. 12-2 at 10. Further, although Petitioner's mother testified he was on the "verge of a mental breakdown," when pressed she acknowledged Petitioner: (1) had no learning disabilities; (2) never attended counseling or treatment for mental issues; (3) continued to work while out on bond; and (4) was "fine and dandy" on the day before the plea. *Id.* at 56-57. Petitioner's own testimony also reflects he had never been diagnosed with a mental disorder. *Id.* at 67. On this record, the Court cannot disturb the OCCA's ruling that the plea was voluntary and knowing. Ground 1 therefore fails.

**B. Ineffective Assistance of Counsel (Grounds 2 and 3)**

Petitioner also argues his attorneys rendered ineffective assistance during the plea proceedings (Ground 2) and in the direct certiorari appeal (Ground 3). Dkt. 3 at 5, 9. Grounds 1 and 2 mirror the arguments in Ground 3. Petitioner contends plea counsel failed to investigate competency or raise the issue based on his crying, nervousness, and apparent indecision at the plea hearing. He also contends appellate counsel should have raised these deficiencies on appeal.[3]

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend VI. A deprivation of that right occurs where: (1) counsel's

---

[3] Respondent argues Grounds 2 and 3 are procedurally barred because neither claim was properly presented to the OCCA. The Court finds it is most efficient to overlook the bar because the claims fail on the merits. *See Fields v. Gibson,* 277 F.3d 1203, 1217, 1218 (10th Cir. 2002) ("We need not review the district court's conclusion that this claim is procedurally barred because we can easily find it fails on the merits.").

performance was deficient and (2) such performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance involves "serious errors" that violate "prevailing professional norms." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 694). To demonstrate prejudice in the plea context, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Having carefully reviewed the record, the Court finds Plea Counsel rendered effective assistance in this case. Plea Counsel spent nearly three hours with Petitioner on the day in question. Dkt. 12-2 at 10. She also met with Petitioner to prepare for trial on at least five prior occasions, where they presumably discussed the charges and defenses. *Id.* at 21-22. There are no allegations Plea Counsel misled Petitioner, or that he alerted her to any history of mental illness. She simply failed to raise an issue based on Petitioner's visible distress at the plea hearing. Petitioner has not provided, nor has the Court uncovered, any authority requiring counsel to investigate competency whenever a first-time offender becomes distraught at the prospect of prison time. Moreover, there is also no indication from the record that a competency argument would have altered the result in this case. He received an unusually favorable sentence, serving only seven years for three counts of rape and oral sodomy. Accordingly, the Court finds Plea Counsel rendered effective assistance, and Ground 1 fails. Because appellate counsel is not required to raise a meritless claim, habeas relief is also unavailable on Ground 2. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.").

In sum, Petitioner has not demonstrated his convictions violate federal law, and the Court must deny the Petition. *See* 28 U.S.C. § 2254.

### III. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] … issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court rejects the merits of the constitutional claims, the petitioner must demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons above, the Court finds reasonable jurists would not debate Petitioner understood the plea. It is also beyond debate that, under the *Strickland* standard, Petitioner received effective assistance during plea proceedings and on appeal. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The petition for a writ of habeas corpus (Dkt. 3) is **denied**.

2. A certificate of appealability is **denied**.

3. A separate Judgment will be entered disposing of the case.

**ENTERED** this 19th day of July 2019.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE